IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT J. ODEN, | No. C 09-1172 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| ROBERT HOREL, Warden; K. COOKE, Lieutenant; D. KERR, Sergeant; R. TUPY, Lieutenant; R. BELL, Captain; R. FLOTO, Appeals Examiner; | (Docket No. 2) |
| Defendants. | |

Plaintiff, a prisoner of the State of California currently incarcerated at California State Prison-Sacramento, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison (hereinafter "PBSP") regarding a disciplinary hearing conducted against him at that prison. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a cognizable claim for relief. Plaintiff's motion to proceed *in forma pauperis* is now GRANTED in a separate order filed simultaneously (docket no. 2).

**DISCUSSION**

Plaintiff has filed a civil rights complaint, supported by over 50 pages of documents and exhibits regarding his claim. Plaintiff contends that his constitutional rights were violated by the prison disciplinary proceedings he underwent in 2006, after he was charged and found guilty of indecent exposure for exposing himself to a prison

nurse. Plaintiff contends that prison officials failed to adequately investigate or to credit his contention that the complaining nurse made false allegations against him to cover up her own introduction of contraband into PBSP.

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Legal Claim

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19.

*Wolff* established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of

the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564.  Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.*  Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566.  Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Wolff*, 418 U.S. at 570.  The Court specifically held that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers, *see id.* at 567-68, and does not give rise to a right to counsel in the proceedings, *see id.* at 569-70.

Although Plaintiff claims that his constitutional and due process rights have been violated, he does not allege a violation in his disciplinary proceedings under the *Wolff* standard.  In fact, Plaintiff's allegations and the supporting documents reflect that Plaintiff was accorded the procedural due process protections required at the hearing.  A prisoner's right to due process is violated "only is he [is] not provided with process sufficient to meet the *Wolff* standard." *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

Although Plaintiff complains that his own allegations regarding the complainant's motive in bringing charges were not credited, that is not sufficient to

3

establish that a constitutional violation has occurred.  Plaintiff does not allege, and it is clear from the evidence presented to the Court here, that there was testimony from the complainant establishing that Plaintiff had committed the charged violation.  An inmate's right to procedural due process is violated only if the discipline is supported by "no evidence."  *See Burnsworth v. Gunderson*, 179 F.3d 771, 773-74 (9th Cir. 1999) (putting escape conviction supported by no evidence on prisoner's record violates procedural due process rights).  The "no evidence" standard is that of *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).  The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced.  *See id.* at 455.  While Plaintiff clearly disagrees with the finding made at the disciplinary hearing, he does not establish that it was supported by no evidence in the record.  Rather, his allegations establish that he was provided with an opportunity to raise such allegations in the disciplinary hearing process, but that the evidence supporting the allegations against him were credited instead.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED.  The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: October 19, 2009

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILBERT J. ODEN,

    Plaintiff,

v.

ROBERT A. HOREL et al,

    Defendant.

Case Number: CV09-01172 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 19, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wilbert Joseph Oden D24334
CSP-Lancaster
44750 60th Street West
Lancaster, CA 93536

Dated: October 19, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk